Kevin P. McCulloch (KM0530)
Nate Kleinman (NK3168)
THE McCULLOCH LAW FIRM, PLLC
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIM ERICKSON and ERICKSON PRODUCTIONS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> DINA BERMAN; PANACEA HEALTHCARE STAFFING; and PROMED STAFFING SOLUTIONS, INC., <br><br> *Defendants*. | Civil Action No.: <br><br><br> **COMPLAINT AND DEMAND FOR A JURY TRIAL** |

Plaintiffs JIM ERICKSON and ERICKSON PRODUCTIONS, INC. (together referred to as "Plaintiffs" or "Erickson"), by and through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demand a trial by jury of all claims and issues so triable, and for their Complaint against Defendants DINA BERMAN; PANACEA HEALTHCARE STAFFING; and PROMED STAFFING SOLUTIONS, INC. hereby asserts and alleges as follows:

1

## JURISDICTION AND VENUE

1.     Erickson Productions is the sole distributor and licensor of photographic images taken by Jim Erickson, who owns the copyrights to the photographs at issue in this action.

2.     Erickson Productions' primary place of business is Petaluma, California.

3.     Upon information and belief, Defendant Dina Berman ("Berman") is, now and at all times relevant to the conduct at issue in this action, a resident of the state of New York.

4.     Upon information and belief, Berman owns and/or manages the company Defendant Promed Staffing Solutions, Inc. ("PSSI"), a domestic business corporation registered in New York.

5.     Upon information and belief, Berman and/or PSSI own and/or are operating under the fictitious business or trade name Panacea Healthcare Staffing ("PHS"), or PHS is a business entity of unknown form.

6.     Defendants Berman, PSSI, and PHS are collectively referred to herein as "Defendants."

7.     Upon information and belief, Defendants operate one or more healthcare staffing, recruitment solutions, and career placement services agencies, including PSSI whose website indicates that its primary place of business is 380 Lexington Ave., 42nd St., 17th Floor, New York, NY 100168.

8.     Upon information and belief, Defendants also own and/or operate websites located at URL addresses http://www.panaceahealthcarestaffing.com and http://promedstaffingny.com.

9.     This is an action for copyright infringement and related claims brought by Plaintiffs against Defendants for unauthorized use of Plaintiffs' copyrighted photographs.

10.     Jurisdiction for Plaintiffs' claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

11.     Venue is proper in this Court under 28 U.S.C. § 1400(a) since Defendants may be found in this District.

## GENERAL ALLEGATIONS

12.     Plaintiff Erickson Productions is a distributor and licensor of stock photography images taken by Jim Erickson.

13.     Plaintiff Jim Erickson is a professional photographer who makes his living by taking and licensing photographs.

14.      Upon information and belief, Defendants Berman and/or PSSI own or are doing business as PHS.

15.     Upon information and belief, Defendant Berman is the president and/or director of both PSSI and PHS and is identified as the registrant of the website domains "panaceahealthcarestaffing.com" and "promedstaffingny.com."

16.     Defendants have exploited Plaintiffs' copyrighted photographs for commercial use on their websites without permission or license.

17.     Because Defendants have refused to cooperate with Plaintiffs' efforts to investigate the Defendants' infringing use of Plaintiffs' works, the full scope of Defendants' infringing activities has not yet been ascertained.

18.     Upon information and belief, Defendants used two of Plaintiffs' copyrighted photographs without permission.

19.     The subject photographs are identified by Plaintiffs as: (1) "Image 53339" which Plaintiffs describe as "Senior man walking with walker on deck of rest-home is assisted by the nurse"; and (2) "Image 49352" which Plaintiffs describe as "Portrait of a senior man in a hospital bed, and a young female doctor."

20.     The following are true and correct copies of Plaintiffs' photographs at issue:

 

21.     The following are true and correct copies of a screen captures of the PSH website taken on or about April 20, 2016:





22.    On or about May 2, 2016, Plaintiffs, through counsel, sent a cease and desist letter to PHS demanding that the unauthorized copies of Plaintiffs' photographs be removed immediately.

23.    On June 2, 2016, counsel claiming to represent PHS claimed that Plaintiffs' photographs had been removed from the PHS website.

24.    PHS' counsel, however, refused to cooperate with Plaintiffs' efforts to investigate the infringements, including refusing to divulge the identity of "an outside IT developer" that was PHS' counsel claimed was involved in the design of the PHS website.

25.    Upon investigating further, Plaintiffs discovered that PHS appeared to be merely a fictitious business or tradename for Defendants Berman and/or PSSI and that Defendant Berman was the registered owner of both the PHS and PSSI websites.

26.    Plaintiffs also discovered that Defendant PSSI was continuing to display Plaintiffs' copyrighted photographs on its website.

5

27.     The following are true and correct copies of a screen captures of the PSSI website

taken on or about June 2, 2016:



28.     The near identity of these websites demonstrates that they are related and owned

and/or designed by the same parties.

29.    As these screen captures also reflect, Defendants and/or the unidentified "outside IT developer" intentionally cropped Image 53339 in order to cut off Plaintiffs' copyright watermark and intentionally blurred Plaintiffs' copyright watermark in Image 49352.

30.    Defendants used, published, displayed, and otherwise exploited Plaintiffs' photographs on their websites without obtaining prior permission from Plaintiffs and without acquiring a license to do so.

31.    Defendants also intentionally edited Plaintiffs' photographs to remove or obscure Plaintiffs' copyright watermarks, demonstrating knowing and willful misconduct.

32.    Defendants and their counsel also intentionally failed to disclose that PSSI was using Plaintiffs' copyrighted photographs and had failed to remove Plaintiffs' photographs from the PSSI website despite Defendants or their counsel having received actual notice of Plaintiffs' copyright claim.

33.    Plaintiff Erickson's copyrights in photographs "Image 53339" and "Image 49352" have been registered with the United States Copyright Office as part of copyright registrations VA 1-826-433 and VA 1-787-598, respectively.

34.    Upon information and belief, Plaintiffs registered copyright in these images prior to Defendants' infringement.

## COUNT I
## DIRECT, CONTRIBUTORY, and/or VICARIOUS COPYRIGHT INFRINGEMENT

35.    Plaintiffs repeat and re-allege each allegation set forth above as if set forth fully herein.

36.    Plaintiff Erickson is the registered copyright owner of the creative works identified herein and that are the subject of this action.

37.     Defendants used, published, displayed, and/or exploited Plaintiffs' creative works without license or permission or authorization to do so.

38.     By using, displaying, publishing, and otherwise exploiting Plaintiffs' copyrighted creative works on Defendants' commercial websites, Defendants infringed Plaintiffs' copyrights in the creative works identified herein.

39.     Upon information and belief, Defendant Berman is the owner and/or manager of Defendants PSSI and PSH and directly participated in the infringing use of Plaintiffs' copyrighted photographs on the PSSI and PSH websites.

40.     Upon information and belief, Defendant Berman was aware of the use of Plaintiffs' photographs on the PSSI website but failed to disclose that information to Plaintiffs and failed to take actions to remove the infringing copies of Plaintiffs' photographs from the PSSI website.

41.     Upon information and belief, Defendant Berman is the registered owner of the infringing websites and responsible for the content of the websites.

42.     Upon information and belief, Defendant Berman financially benefited from the infringing use of Plaintiffs' copyrighted photographs on the infringing websites, including because she is the owner of the websites and avoided paying licensing fees for the use of Plaintiffs' photos and because she is the owner of PSSI and PSH and thus benefited from the use of the photos by PSSI and PSH.

43.     Upon information and belief, Defendant Berman had the right and ability to supervise, stop, prevent, or terminate the infringements at issue here.

44.    Upon information and belief, Defendant Berman knowingly allowed the infringing uses of Plaintiffs' photographs on the PSSI website to continue and failed to take reasonable steps to stop or terminate the infringements.

45.    By infringing Plaintiffs' copyrights in publishing and displaying on Defendants' commercial websites, Defendants misappropriated Plaintiffs' intellectual property for their own profit and/or benefit, causing Plaintiffs significant injuries, damages, and losses in amounts to be determined at trial.

46.    Upon information and belief, Defendants' unauthorized use of Plaintiff's copyrighted images prior to obtaining any permission was willful.

47.    Plaintiffs seek all damages recoverable under the Copyright Act, including statutory or actual damages, including damages suffered as a result of the lack of compensation, credit, and attribution and from any diminution in the value of Plaintiffs' copyrighted works. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.


**WHEREFORE,** Plaintiffs respectfully prays for judgment on their behalf and for the following relief:

1.    All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiffs' loss of licensing revenue, and damages suffered as a result of the lack of credit and attribution;

2.    All allowable damages caused by and/or resulting from Defendants' violation and infringement of Plaintiffs' rights in and to this creative visual work;

3.      Plaintiffs' full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

4.      Any other relief authorized by law, including punitive and/or exemplary damages; and

5.      For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated June 3, 2016
New York, New York.

Respectfully submitted,

THE McCULLOCH LAW FIRM, PLLC

By: _____
Kevin P. McCulloch
Nate Kleinman
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178
Kevin@McCullochIPLaw.com
Nate@McCullochIPLaw.com

*Attorneys for Plaintiffs*